IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE CO.<br><br>Plaintiff,<br><br>vs.<br><br>1. PAULA HUGHES,<br>2. ROSE PADEN,<br>3. MIA CLARK,<br>4. MELISSA ROSE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-23-149-HE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

**COMES NOW** the Plaintiff, State Farm Mutual Automobile Insurance Company ("State Farm"), by and through Jon D. Starr and Bradley E. Bowlby of the law firm of Starr, Begin & King, PLLC, Tulsa, Oklahoma, and hereby seeks declaratory relief pursuant to 12 O.S. § 1651 et seq., relating to the rights and liabilities of the parties under a certain insurance contract as more fully set forth herein.

**JURISDICTION AND VENUE**

1. This declaratory judgment action arises from an incident occurring in Oklahoma County, Oklahoma.

2. State Farm is a foreign corporation, incorporated in the State of Illinois, with its principal place of business in the State of Illinois.

3. Paula Hughes is a citizen if the State of Oklahoma, residing in Oklahoma County, OK.

4. Rose Paden is a citizen if the State of Oklahoma, residing in Oklahoma County, OK.

5. Mia Clark is a citizen if the State of Oklahoma, residing in Oklahoma County, OK.

6. Melissa Rose is a citizen if the State of Oklahoma, residing in Oklahoma County, OK.

7. The insurance policy at issue in this declaratory judgment action is State Farm policy number 4415-025-36C ("Policy") issued to Melissa Rose.

8. Paula Hughes is an insured driver under the Policy.

9. Subject to its terms and conditions, the Policy provides Personal Liability Coverage with limits of $100,000.00 per person/$300,000.00 per accident for bodily injury and $100,000.00 for property damage.

10. In *Clark v. Hughes*, CJ-2022-996 (Oklahoma County), Mia Clark has sued Paula Hughes for damages allegedly arising from an automobile accident "in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. 1332, plus costs, interest, and such other and further relief as the Court shall deem proper."

11. This Court has subject matter jurisdiction over this action because complete diversity of citizenship exists between the parties and the matter placed in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

## MATERIAL FACTS

12. Plaintiff hereby incorporates paragraphs 1-11 herewith.

13. April 7, 2021, Mia Clark and Paula Hughes were involved in a two-vehicle automobile collision.

14. The collision occurred at the intersection of West Memorial Road and Clearbrook Road in Oklahoma City, Oklahoma County, Oklahoma.

15. At the time of the collision, Paula Hughes was operating a 2008 Hyundai Entourage, VIN #KNDMC233X86052609 ("Vehicle").

16. At the time of the collision, Melissa Rose was the titled owner of the Vehicle.

17. At the time of the collision, the Vehicle was a covered vehicle under the Policy.

18. At the time of the collision, Melissa Rose was the named insured under the Policy.

19. At the time of the collision, Paula Hughes was an insured driver of the Vehicle under the Policy.

20. At the time of the collision, Rose Paden was a passenger in the Vehicle.

21. Clark claims to have sustained bodily injury and property damage during the Collision, and that said injuries and damages were proximately caused by Hughes' allegedly negligent driving. *See Clark v. Hughes*, CJ-2022-996 (Oklahoma County).

22. At the time of the collision, the Vehicle was being used by Hughes to carry persons for a charge.

## **THE POLICY**

23. Plaintiff hereby incorporates paragraphs 1-22 herewith.

24. The Policy provisions are set forth in Oklahoma Policy Form 9836A.

25. The Policy provides that there is no liability coverage for an insured:

> "For damages arising out of the ownership, maintenance, or use of a vehicle while it is being used to carry *persons*[1] for a charge. This exclusion does not apply to the use of a *private passenger car*[2] on a share-the-expense basis;"

26. At the time of the collision, the Vehicle was being used by Hughes to carry persons for a charge. Accordingly, there is no liability coverage under the Policy for Hughes, Rose, and/or any other person who may qualify as an insured person under the Policy for damages or loss arising from the collision at issue.

---

[1] The Policy defines a "person" as a "human being".
[2] The Policy definition of a private passenger car is inapplicable, because at the time of the collision, the Vehicle was not being used on a share-the-expense basis.

27. Pursuant to 12 O.S. § 1651, this Court may declare the rights, liabilities, and other legal relations of State Farm and the Defendants.

28. An actual controversy exists between State Farm and the Defendants as to whether State Farm has a duty to provide coverage to the Defendants under the Policy for loss, bodily injury and/or property damage arising from the incident, give the application of the Policy exclusion at issue herein.

29. State Farm has no adequate remedy by which this controversy may be resolved, other than that which is requested by this Petition for Declaratory relief.

**WHEREFORE**, premises considered, State Farm Mutual Automobile Insurance Company prays that this Court enter declaratory judgment in its favor as follows, together with such other and further relief, including attorney fees and costs, which this Court deems just and equitable: (a) State Farm has no duty under the Policy to pay any sum for which its insureds becomes liable because of bodily injury or property damage caused by his acts and/or omissions during the collision at issue Incident; (b) State Farm has no duty under the Policy to defend a suit seeking damages where the suit results from bodily injury or property damage arising from the collision at issue; (c) such other and further relief this court deems just and equitable.

Respectfully submitted,

STARR, BEGIN & KING, PLLC

Jon D. Starr, #14138
Bradley E. Bowlby, OBA #22847
1515 S. Boulder Ave.
Tulsa, Oklahoma 741119
Tel: (918) 872-0371 (Starr) / 872-0374 (Bowlby)
Fax: (918) 872-0381
Email: jon.starr@tulsalawyer.org
       brad.bowlby@tulsalawyer.org
***Attorneys for Plaintiff***